UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CALEB J HENDERSON,
    Plaintiff,

vs.                                            Case No.:  3:22cv24707/LAC/ZCB

MARIO MARTIN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a former inmate of the Escambia County Jail proceeding *pro se*, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). On July 18, 2023, the Court ordered Plaintiff to either file a notice of change of address and an updated financial affidavit or file a notice of voluntary dismissal. (Doc. 21). The Court directed the Clerk of Court to mail a copy of the order and the financial affidavit to the release address listed on the Escambia County Jails website. (*Id.*). The Court notified Plaintiff that failure to comply with the Court's order would result in a recommendation of dismissal of the case. (*Id.*).

Plaintiff did not file a notice of change of address and an updated financial affidavit within the time allowed. Therefore, on September 1, 2023, the Court ordered Plaintiff to show cause, within fourteen days, why the case should not be dismissed for failure to comply with an order of the Court. (Doc. 22). The Court again notified Plaintiff that failure to comply with the Court's order would result in

1

a recommendation of dismissal of the case. (*Id.*). The Court sent the order to Plaintiff at his record address, the Escambia County Jail. On September 27, 2023, the Jail returned the order to the Court labeled as "Return to Sender, Attempted-Not Known, Unable to Forward." (Doc. 23). The Clerk of Court unsuccessfully attempted to find an updated release address for Plaintiff through the Escambia County Jail's inmate locator.

At the outset of this case, Plaintiff was sent a "Notice to Pro Se Litigant" that specifically informed him that he was required to advise the Clerk of Court of any change in his mailing address. (Doc. 3). Plaintiff's failure to update his address does not excuse his failure to comply with Court orders. *See, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing a case because the plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

The deadline for compliance with the show cause order has passed, and Plaintiff has not filed a notice of change of address and an updated financial affidavit or otherwise responded. *See* N.D. Fla. Loc. R. 41.1 (stating that the Court may

"dismiss a claim, enter a default on a claim, [and] take other appropriate action" when a party fails to comply with a court order). Because the Court is unable to reach Plaintiff, the issuance of any further orders would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current address.

At Pensacola, Florida, this 2nd day of October 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**